IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

GS HOLISTIC LLC,

          Plaintiff,    :    Case No. 2: 23-cv-03234

                              District Judge Walter H. Rice
-  vs  -                       Magistrate Judge Michael R. Merz

LAYLAS HOOKAH LOUNGE LLC d/b/a )
LAYLA'S SMOKE SHOP and )
ABDALLA AZZAM,
          Defendants.    :

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 13) and Defendants Memorandum in Opposition (ECF No. 14).

Having considered the motion papers, the Magistrate Judge finds Defendants have withdrawn their Ninth Affirmative Defense asserting that they reserve the right to amend the affirmative defenses later in the litigation, rendering that portion of Plaintiff's Motion moot. To amend a pleading, a party must of course satisfy the requirements of Fed.R.Civ.P. 15 which differ at various stage of a case.

Plaintiff also seeks to have the Court strike the defense of lack of standing. As Defendants point out, the undersigned denied a parallel motion to strike lack of standing as an affirmative defense in *GS Holistic, LLC v. Eastown Smoke Shop, LLC*, 2024 U.S. Dist. LEXIS 342, 2024 WL

1

19988 (S.D. Ohio Jan. 2, 2024). No appeal was taken to District Judge Rice, so *Easttown Smoke Shop* stands as precedent. On that basis, the portion of Plaintiff's Motion seeking to strike the standing defense is denied.

Plaintiff's Motion also complains of Defendants' prayer for relief:

> The language included in the Defendant's prayer for relief in the Answer is not proper and should be stricken. The Defendants' prayer for relief asks the Court that "Plaintiff's Complaint be dismissed with prejudice." The Defendant filed an Answer to the Complaint, which is a responsive pleading. The Defendant answered each allegation in the Complaint and raised several affirmative defenses. Since the Defendant's pleading is not a motion to dismiss, requesting the Complaint to be dismissed with prejudice is not a proper relief. Therefore, this language in the Defendant's Answer should be stricken.

(ECF No. 13, PageID 67). While Plaintiff is technically correct that the Answer is not a motion to dismiss and does not seek action from the Court at this point, the language is ubiquitous in the pleading of answers in federal court and does no harm. The Motion to Strike is denied as to Defendants' prayer for relief.

September 6, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
