# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GS HOLISTIC, LLC.,

                           Plaintiff,           :         Case Nos.     2:23-cv-03234
                                                                          2:23-cv-03578
                                                                     2:23-cv-03601

District Judge Walter H. Rice

-   vs -                                    Magistrate Judge Michael R. Merz

LAYLAS HOOKAH LOUNGE LLC, et al.,

                           Defendants.       :

***

GS HOLISTIC, LLC.,

                           Plaintiff,

-    vs –

GOODFELLAS SMOKE SHOP LLC, et al.,

                           Defendants.

***

GS HOLISTIC, LLC.,

                           Plaintiff,

-   vs -

BEST BUDZ SMOKE SHOP LLC, et al.,

                           Defendants.

1

# ORDER

In each of the above-captioned cases, Attorneys Jeffrey S. Standley and F. Michael Speed, Jr., have moved to withdraw as trial attorneys for Defendants pursuant to S. D. Ohio Civ. R. 83.4(b).  In each they assert that "circumstances have arisen" which prevent them from continuing to represent Defendants, but do not explain what those circumstances are, although they assert there is good cause under the Rules of Professional Conduct requiring them to withdraw.  In none of the cases do they offer the name of a substitute trial attorney or indicate they have sought the consent of Plaintiff's counsel to these motions.

Although these cases and all others in this District in which GS Holistics is plaintiff have been assigned to District Judge Walter H. Rice and referred to the undersigned by then-Chief Judge Marbley, Judge Rice has for the most part handled case management.  However, he has expressly directed the undersigned to deal with these motions to withdraw.  Motions to withdraw are non-dispositive matters within the initial decisional authority of a Magistrate Judge.

S. D. Ohio Civ. R. 83.4 provides:

**83.4 Designation of Trial Attorney; Withdrawal or Substitution of Counsel**

> **(a) Designation of Trial Attorney.** Unless otherwise ordered, in all actions filed in, transferred to, or removed to this Court, all parties other than pro se parties must be represented at all times by a  Trial Attorney" who is a permanent member in good standing of the bar of this Court. Each filing made on behalf of such parties shall identify and be signed by the Trial Attorney. The Trial Attorney shall attend all hearings, conferences, and the trial itself unless excused by the Court from doing so. Admission pro hac vice does not entitle an attorney to appear as a party's Trial Attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as the Trial Attorney.

2

**(b) Withdrawal or Substitution of Counsel of Record**. No attorney of record may withdraw, nor may any other attorney file an appearance as a substitute for an attorney of record without first: (i) providing written notice to the client, to all counsel including the withdrawing attorney and any unrepresented parties, and (ii) obtaining leave of Court. However, attorneys from the same firm or governmental agency may file and serve a notice of appearance or substitution for an attorney of record without obtaining leave of Court.

There are a number of departures from S. D. Ohio Civ. R. 83.4 evident from the Motions to Withdraw.  First of all, S. D. Ohio Civ. R. 83.4 speaks in the singular of a "trial attorney." Nothing in the Rule permits multiple attorneys to fill that role.

Secondly, the Motions show notice to the clients and to opposing counsel, but not the consent of any of them.  S. D. Ohio Civ. R. 7.3 requires that a party seek the consent of opposing parties when presenting a motion to which the opponent might reasonably be expected to consent.

Third, at least some of the Defendants appear to be corporations which may not appear in federal court except through a licensed attorney admitted to practice before this Court, but none of the Motions proposed a substitute.

Finally Messrs. Speed and Standley assert good cause to withdraw in completely conclusory fashion.  They have offered "If this Court requires additional information, counsel could submit the information for the Court's in camera review."  The Court understands the need to protect the attorney-client privilege and for that reason will allow Messrs. Speed and Standley to submit any additional information they wish the Magistrate Judge to consider in support of their Motions under seal not later than March 31, 2026.  In any such filing they should indicate their understanding of S. D. Ohio Civ. R. 83.4 as noted above and their intention to comply or any disagreement with the Magistrate Judge's reading of the Rule.

IT IS SO ORDERED.


March 18, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge
